IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                                                             CRIMINAL NO. 2:09CR87-NBB-DAS

ROGER WEINER

## **ORDER**

This matter is before the court on motion of the defendant for production of Jencks Material twenty days prior to trial (# 55). After considering the motion, the court finds as follows:

The Jencks Act provides in pertinent part:

> (a) in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery or inspection *until said witness has testified on direct examination in the trial of the case*.

18 U.S.C. § 3500(a) (2007) (emphasis added).

The Senate Report which accompanied Senate adoption of the Jencks Act made it clear that the specific intent of the Act was to prevent disclosure of the statements of government witnesses before the witnesses had testified.

> One of the causes of misinterpretations (of the Jencks decision) is the fact that there appears to be great uncertainty as to when the statements of witnesses are to be produced . . . . The committee is of the opinion, and the bill so provides, that statements of witnesses should not be subject to production until the Government witness, who is the putative source of such statements, has himself testified. In other words, it is the specific intent of the bill to provide for the production of statements, reports, transcriptions or recordings, as described in the bill, after the Government witness has testified

against the defendant on direct examination in open court, and *to prevent disclosure before such witness has testified*.

S. Rep. No. 981, 85th Cong., 1st Sess. 4 (1957), reprinted in [1957] U.S. Code Cong. & Admin. News 1863, quoted in *United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982).

The plain wording of the statute precludes any defense right to statements of witnesses until the witness has completed his or her direct testimony at the trial of the case. Therefore, there is no pre-trial discovery right concerning the statements of government witnesses or prospective government witnesses. This has long been the rule in the Fifth Circuit. *See, e.g., United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979) (holding that pretrial discovery order was invalid to extent it allowed discovery beyond the limitations of the Jencks Act); *United States v. Ramirez*, 506 F.2d 742 (5th Cir. 1975). Moreover, the Supreme Court held that "statements of a government witness made to an agent of the government which cannot be produced under the terms of Title 18 U.S.C., Section 3500, cannot be provided at all." *Palermo v. United States*, 360 U.S. 343, 351 (1959).

In addition, Rule 16(a)(2) of the Federal Rules of Criminal Procedure specifically excludes from pretrial discovery statements made by government witnesses and potential government witnesses. *See United States v. Fearn*, 589 F.2d 1316, 1320 (7th Cir. 1978). Accordingly, the defendant's motion for early disclosure of information pursuant to the Jencks Act is denied.

IT IS, THEREFORE, ORDERED that the defendant's motion for production of Jencks Materials twenty days prior to trial (# 55) is hereby DENIED.

SO ORDERED, this the 25th day of August 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE