IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                              CRIMINAL NO. 2:09CR87-NBB-DAS

ROGER WEINER

## **ORDER**

This matter is before the Court on motion of the defendant to suppress the fruits of the search of stored electronic communications account. The Court had earlier stated from the bench that this motion would be referred to the Magistrate Judge who issued the search warrant but has now decided in the interest of time to dispose of the motion without a referral. After considering the motion, the Court finds as follows:

On March 4, 2009, the United States Magistrate Judge signed an application for search warrant, authorizing the government to search and seize "All electronic communications, including attachments associated with America Online email account "ceodoctor@aol.com." This included "all email communications maintained in the inbox, sent, and deleted folders." The defendant now moves to suppress the information discovered pursuant to the search warrant, arguing the government did not provide him with immediate notification of its issuance. The government responds, citing 18 U.S.C. § 2703 for the proposition that notification was not required, and the Court agrees.

In support of his motion, the defendant refers to 18 U.S.C. § 2705. Section 2705 provides a procedure by which the government may delay notice of an order allowing a search. However, the procedure provided by § 2705 applies, of course, only to those orders for which notice is required. Section 2703 does not require notice for all warrants obtained. Specifically, notice is required when the government seeks information through an administrative subpoena, a

grand jury subpoena, or a trial subpoena, or when the government obtains an order related to a telemarketing investigation not relevant to the present action. Notice is not required when the government "obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a Court with jurisdiction over the offense under investigation . . . ." The government in the present case obtained the warrant at issue using the procedures described in the Federal Rules of Criminal Procedure, and because this Court has jurisdiction over the offense that was under investigation, notice was not required.

Also in support of his motion, the defendant argues the evidence seized should be suppressed because – according to the defendant – "the Government intentionally withheld information from the magistrate." Specifically, the defendant contends "the Government knew when it applied for the Search Warrant that Defendant had already informed the Government agent that he was not interested in a hooker, wanted noting (*sic*) to do with a hooker, and the Government agent assure him that she was not a hooker."

It is well established that the omission of information from an affidavit in support of an application for a search warrant may require exclusion of the evidence found pursuant to the execution of that warrant if (1) the omission was knowingly and intentionally made or was made in reckless disregard for the truth, and (2) the inclusion of the omitted information would render the affidavit insufficient to support a finding of probable cause. *See United States v. Cronan*, 937 F.2d 163, 165 (5th Cir. 1991). The Fifth Circuit has acknowledged that "it will often be difficult for an accused to prove that an omission was made intentionally or with reckless disregard rather than negligently unless he has somehow gained independent evidence that the affiant had acted from bad motive or recklessly in conducting his investigation and making the

2

affidavit." *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980). For this reason, the Fifth Circuit recognizes that "when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself." *Id.*

In the present case, the defendant alleges the government *intentionally* withheld the information described *supra*, but as the Fifth Circuit noted, it is difficult to produce evidence to support such an allegation, and the defendant has not done so here. Consequently, the Court looks to whether the omitted information was "clearly critical" to a finding of probable cause, and the Court finds it was not. After reviewing the information provided in the affidavit, it is clear that probable cause would have existed even had the Court been aware of the statements made by the defendant concerning his reluctance to solicit a "hooker." As an example, the affidavit provides in one instance a conversation allegedly between the defendant and someone described as "painnomore," in which the defendant allegedly writes: "how much do you think the first meeting is worth . . . . I think it depends upon your performance . . . . but certainly no less than 500." There are other instances provided in the affidavit in which it is clear the author of the emails appears to be soliciting sexual favors and offers to pay for those favors. Consequently, the Court finds that whether the defendant told an undercover agent he was not interested in a "hooker" would not have rendered the affidavit insufficient to support a finding of probable cause.

Accordingly, the defendant's motion to suppress the fruits of the search of stored electronic communications account is hereby DENIED.

SO ORDERED, this the 10th day of September, 2009.

      */s/ Neal Biggers*
      **NEAL B. BIGGERS, JR.**
      **SENIOR U.S. DISTRICT JUDGE**