IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.									CRIMINAL NO. 2:09CR87-NBB-DAS

ROGER WEINER

**ORDER**

This matter is before the court on motions of the defendant for an order directing America Online (# 90), sugardaddyforme.com (# 91), and Yahoo (# 92) to produce records. After considering the motions and the responses thereto, the court finds as follows:

With the present motions, the defendant asks the court to order various providers to produce documents he contends would be relevant to his defense. The defendant previously filed similar motions (# 52, 53, & 54) *ex parte*, and this court denied those motions finding, Rule 17(c) does not provide for *ex parte* application of pretrial subpoenas. With his new motions, the defendant asks that the court provide the records to him "in a manner consistent with 18 U.S.C.A. 2703." In its responses the government objects to the documents being sought pursuant to § 2703, pointing out that the statute allows the government to obtain records of this type only during the investigatory phase of an action. However, the government does not object to the defendant receiving the records via a Rule 17 subpoena.

Rule 17(c)(1) provides:

> **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). While the language of the rule could be interpreted broadly, courts

have not chosen to do so. The scope of the rule is more narrow than the corresponding rules of civil procedure, which permit broad discovery. *United States v. Reyes*, 239 F.R.D. 591, 595 (N.D. Cal. 2006). Courts have repeatedly made it clear that Rule 17 was not intended to serve as a discovery device for criminal cases, allowing the parties to circumvent the boundaries of Rule 16. *United States v. Nixon*, 418 U.S. 683, 698 (1974). Enforcement of a subpoena, however, is necessarily committed to the discretion of the district court because the necessity for the subpoena most often turns upon a determination of factual issues. *Nixon* 418 U.S. at 702.

In the present action, the defendant argues that the specific documents sought will assist in his defense. It is equally clear that the documents cannot be obtained utilizing any of the more traditional procedures provided by Rule 16 or a simple request from the defendant to his former provider. The government has explained it is unable to obtain the documents because its investigation has concluded. The defendant tells the court the providers simply will not respond to his requests. Consequently, while the court will deny the defendant's motions for a court order consistent with § 2703, the court finds it in the interests of justice to allow the defendant to examine the documents he describes using Rule 17 subpoenas. This is a rarely used procedure, however, and one the court does not utilize without some reservation.

The court notes that to gain access to the documents, the plaintiff must show that the subpoenaed documents are: (1) relevant; (2) admissible; and (3) identified or described with adequate specificity. *Id.* at 700. While the court finds the defendant has thus far met these requirements, he will shortly provide proposed subpoenas that the court may issue. Before providing those proposed subpoenas, the court reminds the defendant that of these three requirements, "[s]pecificity is the hurdle on which many subpoena requests stumble." *United States v. Ruedlinger*, 172 F.R.D. 453, 456 (D. Kan. 1997). A request will usually be sufficiently

specific where it limits documents to a reasonable time period and states with reasonable precision the subjects to which the documents relate. *United States v. RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. 2005). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991). The subpoena requirement ensures that a subpoena will only be used to secure, for trial, a *sharply defined* group of documents. *Ruedlinger*, 172 F.R.D. at 456 (emphasis added).

Understanding this, the court will allow issuance of subpoenas pursuant to Rule 17(a)(1) for the various providers. The information requested in said subpoenas must be consistent with the information listed in the attachments to the defendant's separate motions. Furthermore, production and/or inspection of the requested information shall take place in the presence of the government. Accordingly, the parties shall promptly reach an agreement upon the time and place for production and/or inspection.

IT IS, THEREFORE, ORDERED that the defendant's motions for an order directing America Online (# 90), sugardaddyforme.com (# 91), and Yahoo (# 92) to produce records are hereby GRANTED IN PART AND DENIED IN PART. The court will not enter an order "consistent with § 2703" demanding that the documents be provided to the defendant, but pursuant to Rule 17 of the Federal Rules of Criminal Procedure, the defendant may obtain subpoenas issued in blank by the clerk.

SO ORDERED, this the 18th day of September 2009.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE